**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (030204)
Christopher J. Bendau (032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Facsimile: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
       chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Manuel Cota**, <br><br> Plaintiff, <br><br> vs. <br><br> **Tradesmen International, LLC**, <br><br> Defendants. | No. <br><br> **VERIFIED COMPLAINT** |

Plaintiff, Manuel Cota ("Plaintiff" or "Manuel Cota"), sues the Defendant, Tradesmen International, LLC, ("Tradesmen International" or "Defendant") and alleges as follows:

**PRELIMINARY STATEMENT**

1. This is an action for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq.; unpaid minimum wage under the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S.") Title 23, Chapter 2, Article 8; and

unpaid wages under the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 2, Article 7.

2. The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981). Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks. See 29 U.S.C. § 206(a). Under the FLSA, employers must pay all non-exempt employees an overtime premium for all time spent working in excess of 40 hours in a given workweek. See 29 U.S.C. § 207(a).

3. The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.

4. The AWA, A.R.S. § 23-350, et seq., establishes standards for wage payments to employees within the State of Arizona.

**JURISDICTION AND VENUE**

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States. This Court also has subject matter jurisdiction pursuant 28 U.S.C. § 1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

6. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and

Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

**PARTIES**

7. At all times material to the matters alleged in this Complaint, Plaintiff was an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

8. On information and belief, at all material times, Defendant Tradesmen International, LLC is a Delaware limited liability company duly licensed to transact business in the State of Arizona. At all material times, Defendant Tradesmen International, LLC does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

9. At all relevant times, Defendant Tradesmen International, LLC owned and operated as "Tradesmen International," a national temporary employment agency doing business in Phoenix, AZ.

10. Under the FLSA, Defendant Tradesmen International, LLC is an employer. The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee. At all relevant times, Tradesmen International, LLC had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants. As a person who acted in the interest of Defendant in relation to the

company's employees, Defendant Tradesmen International, LLC is subject to liability under the FLSA.

11. At all relevant times, Plaintiff was an "employee" of Defendant as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

12. The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to Defendant.

13. At all relevant times, Defendant was and continues to be an "employer" as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

14. The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendant.

15. At all relevant times, Plaintiff was an "employee" of Defendant as defined by A.R.S. § 23-362.

16. At all relevant times, Defendant was and continues to be an "employer" of Plaintiff as defined by A.R.S. § 23-362.

17. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

18. Plaintiff, in his work for Defendant, was employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

19. At all relevant times, Plaintiff, in his work for Defendant, was engaged in commerce or the production of goods for commerce.

20. At all relevant times, Plaintiff, in his work for Defendant, was engaged in interstate commerce.

21. Plaintiff, in his work for Defendant, regularly handled goods produced or transported in interstate commerce.

## FACTUAL ALLEGATIONS

22. Defendant owns and/or operates as Tradesmen International, an enterprise doing business in Maricopa County, Arizona.

23. Plaintiff was hired by Defendant on approximately January 1, 2022.

24. At all relevant times, Plaintiff worked for Defendant through approximately January 29, 2022, when the company that Defendant had placed Plaintiff with instructed Plaintiff not to return to work for them.

25. At all relevant times, in his work for Defendant, Plaintiff worked as a plumbing apprentice.

26. Defendant, in its sole discretion, paid Plaintiff approximately $22 per hour.

27. Defendant classified Plaintiff as W-2 employee.

28. Plaintiff's final workweek working for Defendant was the week of January 24 through 30, 2022.

29. Plaintiff's first and only day of work during his final workweek was approximately January 27, 2022.

30. On or about January 27, 2022, Plaintiff worked approximately 8 hours.

31. Defendant failed to compensate Plaintiff any wages whatsoever for the final workweek of his employment with Defendant.

32. Therefore, for the final workweek that Plaintiff worked for Defendant, Defendants paid Plaintiff no wages whatsoever.

33. Between the end of his employment and approximately February 21, 2022, Plaintiff sent text messages to a representative of Defendant to inquire about when he could expect to receive his check for the final week of his employment with Defendant.

34. In response, the representative acknowledged that Plaintiff's final paycheck had not yet been paid and offered certain avenues by which Plaintiff could file reports and seek redress.

35. Plaintiff continued to ask the representative for help regarding how to go about obtaining the wages he earned in the final workweek of his employment with Defendant.

36. In response, the representative again offered certain avenues by which Plaintiff could file reports and seek redress. However, Plaintiff never received his final paycheck.

37. In addition, Plaintiff contacted Defendant through a representative, whose name upon information and belief was Amanda (last name unknown), to inquire about his final paycheck.

38. In multiple telephone calls, Amanda gathered certain information about Plaintiff (e.g., name, social security number, phone number, date of birth), and then stated to Plaintiff that she would have someone reach out to him about the unpaid paycheck. However, no one ever reached out to Plaintiff regarding his final unpaid paycheck.

39. To date, Defendant has still paid no wages whatsoever to Plaintiff for such hours worked.

40. As a result of not having paid any wage whatsoever to Plaintiff during his final workweek with Defendant, Defendant failed to pay the applicable minimum wage to Plaintiff.

41. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated 29 U.S.C. § 206(a).

42. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AMWA, A.R.S. § 23-363.

43. As a result of Defendant's willful failure to compensate Plaintiff any wage whatsoever for such hours worked, Defendant violated the AWA, A.R.S., § 23-351.

44. Plaintiff was a non-exempt employee.

45. Defendant knew that – or acted with reckless disregard as to whether – its refusal or failure to properly compensate Plaintiff his final paycheck would violate federal and state law, and Defendant was aware of the FLSA minimum wage and overtime requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the FLSA and the AMWA.

46. Defendant refused and/or failed to properly disclose to or apprise Plaintiff of his rights under the FLSA.

47. Plaintiff is a covered employee within the meaning of the FLSA.

48. Defendant individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's work and wages at all relevant times.

49. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid minimum wages, an additional amount equal

amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

50. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for unpaid wages, an additional amount equal to twice the unpaid minimum wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S § 23-363.

51. Due to Defendant's illegal wage practices, Plaintiff is entitled to recover from Defendant compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred under A.R.S. § 23-355.

## COUNT ONE: FAIR LABOR STANDARDS ACT
## FAILURE TO PAY MINIMUM WAGE

52. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

53. As a result of not paying Plaintiff any wage whatsoever for the final workweek of his employment, Defendant willfully failed or refused to pay Plaintiff the FLSA-mandated minimum wage.

54. Defendant's practice of willfully failing or refusing to pay Plaintiff at the required minimum wage rate violated the FLSA, 29 U.S.C. § 206(a).

55. Plaintiff is therefore entitled to compensation for the full applicable minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

**WHEREFORE**, Plaintiff, Manuel Cota, respectfully requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant committed one of more of the following acts:

   i. Violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a), by failing to pay proper minimum wages;

   ii. Willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206(a) by willfully failing to pay proper minimum wages;

B. For the Court to award Plaintiff's unpaid minimum wage damages, to be determined at trial;

C. For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D. For the Court to award prejudgment and post-judgment interest;

E. For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

F. Such other relief as this Court shall deem just and proper.

## COUNT TWO: ARIZONA MINIMUM WAGE ACT FAILURE TO PAY MINIMUM WAGE

56. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

1  57.  As a result of not paying Plaintiff any wage whatsoever for the final
2 workweek of his employment, Defendant willfully failed or refused to pay Plaintiff the
3 Arizona minimum wage.

4  58.  Defendant's practice of willfully failing or refusing to pay Plaintiff at the
5
6 required minimum wage rate violated the AMWA, 23-363.

7  59.  Plaintiff is therefore entitled to compensation for the full applicable
8 minimum wage at an hourly rate, to be proven at trial, plus an additional amount equal to
9
10 twice the underpaid wages as liquidated damages, together with interest, reasonable
11 attorney's fees, and costs.

12  **WHEREFORE**, Plaintiff, Manuel Cota, respectfully requests that this Court grant
13 the following relief in Plaintiff's favor, and against Defendant:

14   A.  For the Court to declare and find that the Defendant committed one of more
15       of the following acts:
16
17       i.   Violated minimum wage provisions of the AMWA, A.R.S. § 23-
18            363, by failing to pay proper minimum wages;
19       ii.  Willfully violated minimum wage provisions of the AMWA, A.R.S.
20            § 23-363 by willfully failing to pay proper minimum wages;
21
22   B.  For the Court to award Plaintiff's unpaid minimum wage damages, to be
23       determined at trial;
24   C.  For the Court to award compensatory damages, including liquidated
25       damages pursuant to A.R.S. § 23-364, to be determined at trial;
26
27   D.  For the Court to award prejudgment and post-judgment interest;

E.  For the Court to award Plaintiff reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364 and all other causes of action set forth herein;

F.  Such other relief as this Court shall deem just and proper.

## COUNT THREE: ARIZONA WAGE ACT
## FAILURE TO PAY WAGES DUE AND OWING

60. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

61. As a result of the allegations contained herein, Defendant did not compensate Plaintiff wages due and owing to him.

62. Defendant engaged in such conduct in direct violation of A.R.S. § 23-350.

63. As such, unpaid wages for such time Plaintiff worked are owed to Plaintiff for the entire time he was employed by Defendant.

64. Defendant knew that – or acted with reckless disregard as to whether – their refusal or failure to properly compensate Plaintiff over the course of his employment would violate federal and state law, and Defendant was aware of the Arizona Wage Act's requirements during Plaintiff's employment. As such, Defendant's conduct constitutes a willful violation of the Arizona Wage Act.

65. Plaintiff is therefore entitled to compensation for his unpaid wages at an hourly rate, to be proven at trial, in an amount that is treble the amount of his unpaid wages, plus interest thereon, and his costs incurred.

**WHEREFORE**, Plaintiff, Manuel Cota, requests that this Court grant the following relief in Plaintiff's favor, and against Defendant:

A. For the Court to declare and find that the Defendant violated the unpaid wage provisions of A.R.S. § 23-350, et seq., by failing to pay wages due and owing to Plaintiff;

B. For the Court to award an amount that is treble Plaintiff's unpaid wages pursuant to A.R.S. § 23-355, in amounts to be determined at trial;

C. For the Court to award prejudgment and post-judgment interest on any damages awarded;

D. For the Court to award Plaintiff's reasonable attorneys' fees and costs of the action and all other causes of action set forth in this Complaint; and

E. Such other relief as this Court deems just and proper.

## JURY TRIAL DEMAND

Plaintiff hereby demands a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 24th day of February, 2022.

BENDAU & BENDAU PLLC

By: /s/ *Clifford P. Bendau, II*
Clifford P. Bendau, II
Christopher J. Bendau
*Attorneys for Plaintiff*

## **VERIFICATION**

Plaintiff, Manuel Cota, declares under penalty of perjury that he has read the foregoing Verified Complaint and is familiar with the contents thereof. The matters asserted therein are true and based on his personal knowledge, except as to those matters stated upon information and belief, and, as to those matters, he believes them to be true.

*Manuel cota*
_____
Manuel Cota

**Signature:** _____
Manuel cota (Feb 24, 2022 08:24 MST)

**Email:** mcota602@gmail.com